UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: JUMPSPORT, INC., ('845 & '207)
PATENT LITIGATION                                                                                        MDL No. 2858

ORDER DENYING TRANSFER

**Before the Panel:**[*] Defendants[1] in these six actions,[2] move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Eastern District of Texas. This litigation consists of two actions pending in the Northern District of Georgia and four actions pending in the Eastern District of Texas, as listed on Schedule A. Common plaintiff JumpSport, Inc., initially opposed centralization, but now supports the motion.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. There undoubtedly is some factual overlap among these actions, as each involves allegations that trampolines sold by defendants infringe U.S. Patent Nos. 6,053,845 and 6,261,207, both of which are entitled "Trampoline Or The Like With Enclosure." But where only a minimal number of actions are involved, the proponents of centralization bear a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). The parties have not met that burden here.

Of the six actions on the motion, four have been consolidated for pretrial proceedings in the Eastern District of Texas, while the two actions pending in the Northern District of Georgia have been assigned to the same judge. Thus, there effectively are only two actions pending here in only two districts. Defendants in five of the six actions are represented by the same counsel, while defendant in the sixth action necessarily must coordinate closely with the other defendants in the consolidated Texas proceedings. In these circumstances, informal coordination between the two

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

[1] Moving defendants are: Academy, Ltd.; Walmart, Inc., f/k/a Wal-Mart Stores, Inc.; Wal-Mart Stores East, LP; Wal-Mart Stores Texas, LLC; Wal-Mart.com USA, LLC; Sam's East, Inc.; Sam's West, Inc.; Dick's Sporting Goods, Inc.; American Sports Licensing, LLC; Dick's Merchandising & Supply Chain, Inc.; Amazon.com, Inc.; Amazon.com, LLC; J.C. Penney Co., Inc.; J.C. Penney Corp., Inc.; J.C. Penney Purchasing Corp.; JCP Logistics, Inc.; and BJ's Wholesale Club, Inc.

[2] A seventh action on the motion, filed in the Eastern District of Texas, was voluntarily dismissed after the close of briefing.

-2-

involved courts and cooperation by the parties is both practicable and preferable to centralization. *Cf. In re Constellation Techs. LLC Patent Litig.*, 38 F. Supp. 3d 1392, 1393 (J.P.M.L. 2014) (denying centralization of five actions pending in two districts).

Two other considerations also weigh against centralization.  First, the consolidated Texas actions have progressed significantly.  A *Markman* hearing has been held and the court recently issued a claim construction decision.  Fact discovery closes in less than two months, with a jury trial scheduled for May 20, 2019.  In contrast, the two Georgia actions were recently filed in April 2018 and have not yet proceeded to discovery.  This procedural disparity would complicate any centralized proceeding and likely would result in delays to the completion of discovery and the anticipated trial date in Texas.  While there are circumstances where centralization of advanced patent infringement actions with newer actions will result in significant efficiencies, they are not present in this litigation. *See In re Louisiana–Pacific Corp. Trimboard Siding Mktg., Sales Practices & Prods. Liab. Litig.*, 867 F. Supp. 2d 1346, 1346 (J.P.M.L. 2012) ("Where there is such a significant procedural disparity among the subject actions, the Panel will take a close look at whether movants have met their burden of demonstrating that centralization will still serve the purposes of Section 1407.").

Second, centralization of this litigation might hinder the orderly and efficient resolution of these cases.  Of the seven patent infringement actions that JumpSport filed in the Eastern District of Texas in 2017, three have resolved, and the parties have noticed settlements in two other actions (involving Amazon.com and Dick's Sporting Goods) that likely will result in their dismissal.  Also, JumpSport has reached settlements with several third-party trampoline manufacturers that have resulted in the dismissal of its claims as to a significant number of the accused products identified in the remaining complaints.  Centralization is not necessary where the actions are being litigated in a manner that is likely to lead to their resolution, whether through settlement or other means, within a relatively short period of time.  *Cf. In re ArrivalStar S.A. Fleet Mgmt. Sys. Patent Litig.*, 802 F. Supp. 2d 1378, 1379 (J.P.M.L. 2011) (denying centralization where there was a pattern of dismissals).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Lewis A. Kaplan |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

**IN RE: JUMPSPORT, INC., ('845 & '207)**
**PATENT LITIGATION**                                          MDL No. 2858

## SCHEDULE A

<u>Northern District of Georgia</u>

JUMPSPORT, INC. v. J.C. PENNEY COMPANY, INC., ET AL., C.A. No. 1:18-01598
JUMPSPORT, INC. v. BJ'S WHOLESALE CLUB, INC., C.A. No. 1:18-01689

<u>Eastern District of Texas</u>

JUMPSPORT, INC. v. ACADEMY, LTD DBA ACADEMY SPORTS & OUTDOORS,
     C.A. No. 6:17-00414
JUMPSPORT, INC. v. WAL-MART STORES, INC., ET AL., C.A. No. 6:17-00645
JUMPSPORT, INC. v. DICK'S SPORTING GOODS, INC., ET AL.,
     C.A. No. 6:17-00663
JUMPSPORT, INC. v. AMAZON.COM, INC., ET AL., C.A. No. 6:17-00666